**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWIN ALRED,**

        **Plaintiff,**

**v.**                                                      **Case No: 6:12-cv-832-Orl-18GJK**

**YUM BRANDS! and JOHN DOE,**

        **Defendants.**

### REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH SERVICE OF SPECIALLY APPEARING DEFENDANT YUM! BRANDS, INC. (Doc. No. 5)** |
| **FILED:** | **June 1, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On April 30, 2012, Edwin Alred (the "Plaintiff") filed a personal injury complaint (the "Complaint") in state court against Yum! Brands, Inc. ("Yum Brands") and John Doe (collectively, the "Defendants") alleging negligence. Doc. No. 3. On May 25, 2012, in state court, Yum Brands filed a motion to quash service of process arguing that Plaintiff failed to properly execute service of process upon it. Doc. No. 5. On June 1, 2012, Yum Brands removed the action based upon diversity jurisdiction. Doc. No. 1. Although Yum Brands has filed an answer, it asserts an affirmative defense of improper service of process. Doc. No. 8 at 7.

The burden is on the Plaintiff to show the validity of service upon a non-resident defendant such as Yum Brands. *See Caribe & Panama Invs., S.A. v. Christensen*, 375 So.2d

601, 603 (Fla. 3d DCA 1979). On June 15, 2012, the Court entered an order directing Plaintiff to show cause, in writing on or before June 22, 2012, why the case should not be dismissed for improper service of process. Doc. No. 12. The Court ordered the parties to meet and confer in a good faith attempt to resolve the dispute concerning service. Doc. No. 12. If the parties were able to resolve their dispute, they were ordered to promptly notify the Court; otherwise, Plaintiff was directed to file a response to the motion to quash. Doc. No. 12. The Court warned that "[f]ailure to file a response or notify the Court of a resolution will result in a recommendation that the case be dismissed." Doc. No. 12.

To date, Plaintiff has not file a response to the motion to quash and the parties have not notified the Court that they resolved their dispute concerning whether service was proper. Accordingly, the undersigned **RECOMMENDS** the following:

1. The Court **GRANT** the motion to quash (Doc. No. 5) as unopposed; and
2. The Court dismiss the case for failure to comply with the Court's order to show cause.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on July 3, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy